# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DOLLIE SMITH,

        Plaintiff,        Case No. 02-C-724

        v.

JO ANNE BARNHART,
Commissioner of Social Security.

        Defendant.

## OPINION AND ORDER

Plaintiff Dollie Smith applied for Supplemental Security Income (SSI) under the Social Security Act alleging that she is disabled and unable to work. After an Administrative Law Judge (ALJ) denied her claim following a hearing, the Plaintiff brought an action under 42 U.S.C. § 405(g) seeking judicial review. This court ruled in favor of the Commissioner of Social Security, but the Seventh Circuit reversed and ordered this action remanded to the Commissioner of Social Security pursuant to sentence 4 of 42 U.S.C. § 405(g). See Smith v. Barnhart, 388 F.3d 251 (7th Cir. 2004). The Plaintiff now moves for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1).

### I. LEGAL STANDARDS

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States

> in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In general, to be eligible for a fee award under this provision, four elements must be satisfied: (1) the claimant was a "prevailing party"; (2) the Commissioner's position was not "substantially justified"; (3) no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), any fee application was submitted to the court within 30 days of final judgment in the action and was supported by an itemized application. See Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 (1990). (The EAJA also uses financial means tests for award eligibility, see 28 U.S.C. § 2412(d)(2)(B), but those tests are unlikely to come into play for a person seeking disability benefits under the Social Security Act.)

## II. PREVAILING PARTY

It is undisputed that Smith is a "prevailing party" for purposes of the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993) (remand under sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party under the EAJA). Likewise, the Commissioner does not challenge the timeliness of Smith's fee application.[1] The Commissioner has raised the issue of whether her position was "substantially justified."

## III. SUBSTANTIALLY JUSTIFIED

The Commissioner has the burden of proving that her position was substantially justified. See Jackson v. Chater, 94 F.3d 274, 278 (7th Cir.1996); Marcus

---

[1] The fee application was filed before judgment was entered.

v. Shalala, 17 F.3d 1033, 1036 (7th Cir.1994). The court must look to both the agency's pre-litigation conduct and its litigation position. See Cummings v. Sullivan, 950 F.2d 492, 496 (7th Cir.1991); 28 U.S.C. § 2412(d)(2)(D) (for purposes of fee award under EAJA, " 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). To be "substantially justified," the Commissioner's position must have a reasonable basis in law and fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Jackson, 94 F.3d at 278. It must be stronger than merely non-frivolous. Pierce, 487 U.S. at 565-66. On the other hand, the Commissioner's position need not have been correct. See Jackson, 94 F.3d at 278, quoting Pierce, 487 U.S. at 566 n. 2. "Substantially justified" does not mean "justified to a high degree"; the standard is satisfied if there is a "genuine dispute," or if reasonable persons could differ as to the appropriateness of the contested action. Stein v. Sullivan, 966 F.2d 317, 320 (7th Cir.1992), citing Pierce, 487 U.S. at 565.

The standard of review that applies to the merits of benefits decisions is deferential to the Commissioner. Even if the court has remanded an action in which an ALJ has denied benefits, the court can still find that the Commissioner's position was substantially justified for purposes of the EAJA. See, e.g., Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir.1994). Under the EAJA, the test is whether the Commissioner had a rational ground for thinking that she had a rational ground for denying benefits. See Id.

The Seventh Circuit has set forth a three-part standard for reviewing EAJA petitions. See United States v. Hallmark Construction Company, 200 F.3d 1076, 1080 (7th Cir. 2000). It requires the government to show that its position was grounded

3

in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded.  See Id.

Where, as here, the Court of Appeals reverses a decision of the Commissioner, the district court must analyze the actual merits of the government's litigating position.  See Hallmark Construction, 200 F.3d at 1079.  Strong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees.  See Marcus v. Shalala, 17 F.3d 1033, 1038 (7th Cir. 1994).

The Seventh Circuit used strong language in reversing this court's order upholding the Commissioner.  See Smith v. Barnhart, 388 F.3d 251 (7th Cir. 2004).  The appellate court pointed out that the ALJ had made an error of law by equating the claimant's past relevant work to sedentary work in general.  See Id. at 252.  The court went on to "demonstrate the starkness of the administrative law judge's error."  Id.  This error infected the Commissioner's prelitigation and litigation positions.  Under these circumstances, the Commissioner's position had no reasonable basis in law, so this court concludes that her position was not substantially justified as a whole.

## IV. REASONABLENESS OF FEE REQUEST

Once the court has decided that an award is appropriate, it must determine whether the amount sought is reasonable.

> In determining whether plaintiff's requested fees are reasonable [the court] must examine both the rate and the number of hours requested. The EAJA allows for an award of "reasonable attorney fees ... based upon prevailing

4

> market rates for the kind and the quality of the services furnished" not to exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff must demonstrate the prevailing market rate and, if one is requested, show that a cost of living increase is warranted. See Hanrahan v. Shalala, 831 F.Supp. 1440, 1450 (E.D.Wis.1993). Plaintiff also has the burden to show that the number [of] hours expended on the litigation was reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The reasonableness of the total fee request is evaluated in light of twelve factors set forth in Hensley:
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Henderson v. Barnhart, 257 F.Supp.2d 1163, 1169 (E.D.Wis.2002) (quoting Hensley v. Eckerhart, 461 U.S. 424, 430 n. 3 (1983).

In her motion the Plaintiff requests fees in the total amount of $20,004.64 for 130.5 attorney work hours calculated as follows:

> 15.4 attorney hours for District Court at the EAJA rate of $125,00 plus the COLA, which is $144.37 in 2002 [$2223.29]; 24 attorney hours for the District Court at $147.50/hour in 2003 [$3540.00]; 41.9 attorney hours for the Court of Appeals at $147.50/hour in 2003 [$6180.25]; and 49.2 hours for the Court of Appeals at $152.50/hour in 2004 [$7503.00].

Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act and for Entry of Final Judgment Order at 5. The Plaintiff is also seeking costs of $558.10.

5

The Commissioner argues that the amount sought is excessive, but she does not object to the hourly fees as enhanced by the cost of living indices. The Commissioner only objects to the fact that a different attorney represented Smith at the administrative level, in the district court, and in the court of appeals. She maintained that this resulted in duplication of hours because each succeeding attorney had to familiarize himself with the record. She does not suggest how many hours should be deducted from the total time expended and she does not point to which entries on the time sheets are unnecessary or excessive.

In the face of such a general objection, the court has no basis to find that the hours claimed are markedly excessive. Therefore, the court will award most of the $20,000.04, initially sought.

In reply, the Plaintiff asks for an additional $1,387.75 for Attorney Barry Schultz whose office is in Evanston, Illinois. Schultz has not filed a notice of appearance in this court. Nevertheless, he signed the fee petition reply brief which he says he spent 9.1 hours preparing. Schultz also signed the principal EAJA petition and says that he spent 4.6 hours preparing the petition at $152.50 per hour. The court will not award fees for the hours Schultz spent preparing the initial fee petition or for the amount sought in the reply brief. The Clerk of Court has no record that Attorney Schultz is admitted to practice in the Eastern District of Wisconsin and there is nothing in the record to show that his experience, reputation, or ability justify his claim to the top hourly rate which can be paid under the EAJA. Schultz represented the Plaintiff before the court of appeals and, on the basis of this record, this court has no way of evaluating the quality of his work or whether it is consistent with the hours expended.

6

Accordingly, the court will deduct $701.50 from the $20,000.04 in attorney fees initially sought for a remainder of $19,298.54 and will not award the additional $1,387.75.

**ORDER**

For the reasons explained above, the court ORDERS that "Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act" (filed January 3, 2005) IS GRANTED. The court awards Nineteen Thousand Two Hundred Ninety-Eight Dollars and Fifty-Four Cents ($19.298.54) in attorney fees to Attorney David Traver. The court also awards Five Hundred Fifty-Eight Dollars and Ten Cents ($558.10) to Attorney Traver for costs.

IT IS FURTHER ORDERED that the Clerk of Court shall amend the judgment entered on September 23, 2005, to add that:

> IT IS FURTHER ORDERED
>
> that the Commissioner of Social Security shall pay Nineteen Thousand Two Hundred Ninety-Eight Dollars and Fifty-Four Cents ($19,298.54) to Attorney David Traver as attorney fees and the Commissioner shall pay Five Hundred Fifty-Eight Dollars and Ten Cents ($558.10) to Attorney Traver for costs.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 8th day of November, 2005.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge